■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DUDLEY DEMPSEY, Appellant.— On an appeal from a judgment of conviction which was entered on appellant's plea of guilty, appellant moves for a transcript of the minutes of a hearing on his motion to suppress evidence. The motion is granted. Such minutes are a part of the judgment roll. The Clerk of the trial court is directed to furnish, without charge, to appellant's counsel, a transcript of said minutes (Code Crim. Pro., §§ 456, 813-c). Beldock, P. J., Hill, Rabin and Hopkins, JJ., concur.

## (November 26, 1963)

■ In the Matter of JOHN KONIK, Petitioner, v. W. CECIL JOHNSTON, as Superintendent of Matteawan State Hospital, Respondent.— Application by petitioner for a writ of mandamus directed to the Superintendent of the Matteawan State Hospital, dismissed. The proceeding was improperly instituted in this court (CPLR 506, subd. [b], par. 1). If the application were considered as an application for a writ of habeas corpus, it would be denied on the ground that it fails to comply with CPLR 7002. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN W. THOMAS, Appellant.— Motion by the respondent to dismiss appeal from a judgment of conviction rendered January 25, 1963 upon appellant's plea of guilty. Motion granted; appeal dismissed on the ground that no timely notice of appeal was filed. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. LESLIE MAIZE, Defendant.— Motion by defendant for assignment of counsel and to dispense with printing, denied. On the court's own motion, the appeal from judgment of conviction, rendered July 29, 1963, dismissed. It appears that a *timely* notice of appeal was not served or filed (see Code Crim. Pro., §§ 521, 522). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

## (December 9, 1963)

■ JOSEPH DI CENSO, Respondent, v. ROSE GORDON, Appellant, et al., Defendant.— Motion by respondent to dismiss appeal from a judgment of the County Court, Westchester County, entered March 7, 1963. The appeal was erroneously taken to this court. The Appellate Term of the Supreme Court in the Second Judicial Department is presently vested with the jurisdiction of such appeals from the County Court, Westchester County. The motion and the appeal are therefore transferred to said Appellate Term of the Supreme Court (see N. Y. Const., art. VI, § 5, subd. b; § 8, subd. d; order No. 47 of this court, dated July 12, 1962). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.